# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

COLIN SCHWARTZ,

               Petitioner,

    vs.

WARDEN JIM SALMONSEN,

               Respondent.

CV 26-23-GF-WWM

ORDER

Petitioner Colin Schwartz ("Schwartz"), a state pro se prisoner, filed a handwritten Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. 1).

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner fails to state a basis upon which relief may be granted or raises claims that are legally frivolous. 28 U.S.C. § 1915A(b)(1)-(2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. As explained below, because Schwartz's Petition is unexhausted, it will be dismissed without prejudice.

## I.    Motion to Proceed in Forma Pauperis

Schwartz seeks leave of the Court to proceed in forma pauperis.  (Doc. 2).

Although he has not yet provided a copy of his inmate trust account statement,

there is no reason to delay this matter given the content of his Petition.  The motion

will be granted.

## II.    Background/Schwartz's Claims

Schwartz challenges the imposition and execution of sentences imposed in

Montana's Eighth Judicial District, Cascade County.  (Doc. 1 at 1-2).  According

to Schwartz, he received a 3-year suspended sentence in August 2025, and the

sentence was ordered to run concurrent to all other sentences.  (*Id.* at 1).  Schwartz

contends that he has "around 320 days of a 3-year suspended sentence served and

counting."  (*Id.*).  In October 2025, in a separate matter, Schwartz received a four

year sentence to Montana State Prison, to run consecutive to all other sentences

served.  (*Id.* at 2).  In February of this year, Schwartz received a three year

suspended sentence to run concurrently "to all other sentences," as well as a three

year suspended prison sentence "to run consecutive to all other sentences already

sentenced."  (*Id.*).  Thus, Schwartz argues that "after 3 years suspended, 4 years

[at Montana State Prison], and 4 years [with the Department of Corrections] are

completed, 3 years suspended [Montana State Prison sentence] starts."  (*Id.*).

2

According to Schwartz's own calculation of his state sentences, he believes that as of February 13, 2026, he has been illegally incarcerated. (*Id.*).

Schwartz explains that he is not requesting a review of the merits of his claims, but rather a finding that his present incarceration is illegal. (*Id.* at 3). He asserts that under 28 U.S.C. § 2241, he is entitled to file a petition in the district in which he was sentenced. (*Id.* at 1). Schwartz seeks immediate release from custody and is requesting $4,000/day as compensation for his purportedly illegal incarceration, beginning on February 13, 2026. (*Id.*).

## III.   Analysis

28 U.S.C. § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) (*quoting White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F.3d at 1006. Additionally, while habeas corpus relief under Section 2241 is available to a *federal* prisoner if he is challenging the manner, location, or conditions of the execution of his sentence and not the fact of conviction or sentence, *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1990), 28 U.S.C. § 2254

is the exclusive avenue for a *state* prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction. *White*, 370 F.3d at 1005, 1009 (adopting majority view that distinguishes between a federal prisoner's ability to resort to § 2241 to attack the execution of a sentences and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Schwartz may not, therefore, obtain habeas relief as to the execution of his Montana state sentence under § 2241. Accordingly, to the extent Schwartz seeks relief pursuant to § 2241 as to his state sentences, this action will be summarily dismissed.

To the extent that Schwartz's filing could be construed as a request for habeas relief under 28 U.S.C. § 2254, the claims are unexhausted. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. § 2254(b)-(c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial

4

opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.*; *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F.3d 993, 999, *cert. denied*, 546 U.S. 818 (2005).

In his filing, Schwartz acknowledges that he is "currently awaiting appointment of counsel" for an appeal he has pending before the Montana Supreme Court. (Doc. 1 at 1). A review of the Montana Supreme Court's docket reveals that Schwartz has three active matters pending.[1] *Tigueros v. Adams*,

---

[1] Montana Supreme Court website: https://supremecourtdocket.mt.gov/case-info/active/ (accessed March 12, 2026).

5

658 F.3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

Schwartz has filed an original petition for writ of habeas corpus in which he raises essentially the same challenge that he advances before this Court regarding the execution of his state sentences. *C. Schwartz v. Salmonsen*, OP 26-0140, Petition (filed March 2, 2026).

Schwartz also has two direct appeals pending, *State v. C. Schwartz*, DA 25-0854, and *State v. Schwartz*, DA 26-0163. Schwartz is represented by counsel in the former matter. There, the transcripts from the lower court proceedings were recently filed into the record; a briefing schedule has not yet been ordered. In the latter matter, Schwartz's motion to appoint counsel to represent him in his out-of-time appeal is presently pending before the Court. *State v. Schwartz*, DA 26-0163, Motion (filed March 9, 2026).

Relative to the present matter, the Montana Supreme Court has not yet considered the claims Schwartz attempts to advance. To the extent Schwartz has cognizable federal claims under 28 U.S.C. § 2254, he must first present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Schwartz has not yet

6

completely exhausted his available state court remedies, this Court cannot review the claims. *Rose v. Lundy*, 455 U.S. 509 (1982).

Finally, to the extent that Schwartz seeks monetary relief in this action, he is advised that monetary damages are not available in a habeas proceeding. 28 U.S.C. § 2254; *McCarthy v. Bronson*, 500 U.S. 136 (1991) (recognizing two primary categories of suits brought by prisoners - applications for habeas corpus relief and actions for monetary or injunctive relief under 42 U.S.C. § 1983).

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A Certificate of Appealability should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

Schwartz has not made a substantial showing that he was deprived of a federal constitutional right.  Schwartz may not challenge the execution of a state sentence under 28 U.S.C. § 2241.  Further, because his Petition is unexhausted, reasonable jurists would not find the procedural ruling debatable.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1.    Schwartz's Petition (Doc. 1) is **DISMISSED** without prejudice.

2.    The motion to proceed in forma pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

3.    The Clerk of Court is directed to enter a judgment of dismissal.

4.    A certificate of appealability is **DENIED**.

DATED this 17th day of March, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE